# IN THE COURT OF APPEALS OF IOWA

No. 14-2089
Filed January 13, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KERRY JEROME OWENS JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Richard D. Stochl, Judge.

The defendant appeals his conviction for public intoxication (third offense).

**AFFIRMED.**

Nicholas Hay of Hay Law, P.L.C., Waukon, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Kerry Owens Jr., pleaded guilty by way of written plea to public intoxication (third offense) in violation of Iowa Code sections 123.46(2) and 123.91 (2013). The written guilty plea contained an admission the defendant has twice before been convicted of public intoxication. The defendant was sentenced to two years' incarceration, said sentence suspended; placed in a residential facility for up to one year or until maximum benefits were achieved; and placed on probation for a period not to exceed two years.

In this direct appeal, the defendant contends the predicate misdemeanor convictions were uncounseled and cannot be used to enhance his sentence in this case. *See State v. Young*, 863 N.W.2d 249, 281 (Iowa 2015) ("We conclude that under article I, section 10 of the Iowa Constitution, an accused in a misdemeanor criminal prosecution who faces the possibility of imprisonment under the applicable criminal statute has a right to counsel. When a right to counsel has not been afforded, any subsequent conviction cannot be used as a predicate to increase the length of incarceration for a later crime."). The defendant did not raise this issue in the district court in any fashion. *Cf. id.* at 251 (explaining the defendant raised the issue in a motion to strike and requested the district court take judicial notice of the content of the predicate misdemeanor file). Where, as here, the issue was not raised in any fashion below, we are unable to determine whether the defendant's right to counsel attached in his prior misdemeanor cases, whether he was afforded the right to counsel in his prior misdemeanor cases, or whether he waived his right to counsel in his prior

misdemeanor cases. *See State v. Washington*, 832 N.W.2d 650, 655-56 (Iowa 2013) ("However, the general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties."). Accordingly, we preserve the defendant's claim for possible postconviction-relief proceedings. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

**AFFIRMED.**